UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

IN RE: **CELIA MAURICE**  )  Case No: **10-32066 DM**
) 
) 
DEBTOR(S) )

**CHAPTER 13 PLAN**

1. **PAYMENTS**
The Debtor or Debtors (hereinafter called "Debtor") submit to the Chapter 13 Trustee all projected disposable income to be received within the applicable commitment period of the Chapter 13 Plan (hereinafter called "Plan"). The total number of payments shall be __60__ and in the amount of $ __645.00__. The pre-confirmation Plan payments to the Trustee must begin 30 days from the date of the filing of the Plan or the Order of Relief, whichever is earlier. The post-confirmation Plan payments to the Trustee will commence on the 20th of the first month after the Plan is confirmed. Upon post-confirmation dismissal of this Plan, all funds held by the Trustee shall be disbursed to Administrative Costs and Creditors.

Debtor elects a voluntary wage order __X__

2. **PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS**
The following pre-confirmation adequate protection payments on claims secured by personal property shall be paid by the Trustee to the below listed creditors. The Debtor proposing pre-confirmation payments will commence these payments to the Trustee within 30 days of the date this Plan was filed or the Order of Relief, whichever is earlier. Creditors must file a proof of claim to receive payment from the Trustee. Payments by the Trustee should commence to these Creditors within 30 days of the filing of the proof of claim. Upon a pre-confirmation dismissal, all adequate protection order payments held by the Trustee shall be disbursed to Creditors.

| Name of Creditor | Collateral Description | Monthly Payment |
|---|---|---|
| 1. | | $ |
| 2. | | $ |
| 3. | | $ |

3. **ADMINISTRATIVE COSTS**
Trustee shall receive a percentage of each plan payment, whether made before or after confirmation, as established by the United States Trustee.

Chapter 13 Attorney fees may be included in a Chapter 13 Plan. Fees and costs requested for allowance are as follows:

| Total Fees & Costs Requested | Fees & Costs Received | Balance of Fees & Costs Due | Monthly Payment |
|---|---|---|---|
| $ 4,700.00 | $ 500.00 | $ 4,200.00 | $ 100.00 |

Fees and costs allowed shall be paid at a monthly rate not to exceed 10% of the balance of the above fees and costs remaining to be paid and will accrue concurrently with pre-confirmation adequate protection payments listed in Section 2 above and will be paid with Secured Debt as listed in Section 4A below. Upon a pre-confirmation dismissal, all accrued pre-confirmation attorney fees and costs payments held by the Trustee shall be disbursed to the attorney.

Case: 10-32066   Doc# 23   Filed: 07/06/10   Entered: 07/06/10 20:24:50   Page 1 of 6

## 4. SECURED DEBT

Interest shall accrue on all secured claims from the date the petition is filed. Interest will be calculated at 10% per annum unless the Debtor specifies otherwise in this Plan. Secured Creditors will retain their liens until their allowed secured claims have been paid.

### A) Post-Confirmation Payments to Creditors Secured by Personal Property

The Debtor seeks a determination that the value of the collateral is as set forth below. Failure to object to this listed amount shown may result in the Creditor's secured claim being limited to the collateral value amount listed. Creditors will, at minimum, be paid the amount reflected as the monthly payment. The Debtor's omission of any secured creditor does not affect the rights of the omitted creditor to file claims and be paid.

With respect to a debt for which Debtor has written "Yes" in the column "Surrender" and where the Creditor files a written objection to the treatment provided such debt, Debtor surrenders all interest in the collateral, and the debt shall be treated under Section 4B below.

| | Name of Creditor | Collateral Description | Collateral Value | Secured Debt Amount | Interest Rate | Monthly Payment | Surrender Yes/No |
|---|---|---|---|---|---|---|---|
| 1. | | | $ | $ | % | $ | |
| 2. | | | $ | $ | % | $ | |
| 3. | | | $ | $ | % | $ | |
| 4. | | | $ | $ | % | $ | |
| 5. | | | $ | $ | % | $ | |

### B) Surrender of Property

The Debtor surrenders any interest in the following collateral. The Debtor waives the protection of the automatic stay and allows the affected Creditor to obtain possession and dispose of its collateral, without further Order of the Court. Any secured claim filed by the below Creditors will be deemed satisfied in full through surrender of the collateral. Any unsecured deficiency claim must be filed by the bar date for unsecured debts.

| Name of Creditor | Collateral to be surrendered |
|---|---|
| 1. | |
| 2. | |

### C) Post Petition Payments on Real Property Debt Paid by Debtor

| Name of Creditor | Property Address | Monthly Payment Amount |
|---|---|---|
| 1. | | $ |
| 2. | | $ |
| 3. | | $ |
| 4. | | $ |

### D) Pre-Petition Debt on Real Property

The Trustee shall pay defaulted real property debt. This prorata payment for defaulted real property debts will begin after payment in full of the Attorney fees and costs listed in section 3 above.

Case: 10-32066   Doc# 23   Filed: 07/06/10   Entered: 07/06/10 20:24:50   Page 2 of 6

| Name of Creditor | Property Address | Defaulted Debt | Interest Rate |
|---|---|---|---|
| 1. | | $ | % |
| 2. | | $ | % |

5. **EXECUTORY CONTRACTS/LEASES**

   A) The Debtor assumes the executory contract(s)/lease(s) referenced below and provides for the regular contract/lease payment(s), both pre-confirmation and post- confirmation, to be paid directly by the Debtor. Any pre-petition lease arrearage will be paid through this Plan after payment of arrearages listed in 4D above.

| Name of Creditor/Lessor | Property Address | Lease Arrearages as of Date of Filing | Arrearage Payment by Trustee | Regular # of Lease Payments Remaining as of Date of Filing | Lease Payment By Debtor |
|---|---|---|---|---|---|
| 1. | | $ | $ | | $ |

   B) The Debtor rejects the following executory contract/lease and surrenders any interest in property securing these executory contracts/leases. The Debtor waives the protection of the automatic stay and allows the affected Creditor to obtain possession and dispose of its collateral, without further Order of the Court. Any unsecured claim resulting from the rejection must be filed by the bar date for unsecured debts:

| Name of Creditor/Lessor | Identity of Executory Contract/Lease | Property Subject to Executory Contract/Lease |
|---|---|---|
| 1. | | |
| 2. | | |

6. **PRIORITY CLAIMS**
   Trustee shall pay all allowed filed priority claims and will pay the claims listed in 6B below, prior to paying those unsecured priority claims listed in sections 6C, 6D, and 6E below. Those claims listed in sections 6C, 6D and 6E below will be paid prorata.

   A) **Post Petition Domestic Support Obligations:**

   1) ✓ None.

   2) The name(s), and address(es) of the holder of ANY domestic support obligation.

| Name of Creditor | Address |
|---|---|
| 1. | |
| 2. | |

   3) The Debtor will pay all post-petition domestic support obligations directly to the holder of the claim and not through the Chapter 13 Plan.

Case: 10-32066   Doc# 23   Filed: 07/06/10   Entered: 07/06/10 20:24:50   Page 3 of 6

B) **Pre-Petition Arrearages owed to Domestic Support Obligation Creditors:**

1) ✓ None.

2) Name of holder of Domestic Support Obligation Arrearage Claim, arrears and monthly payment.

| Name of Holder | Arrearage | Monthly Payment |
|---|---|---|
| 1. | $ | $ |
| 2. | $ | $ |

C) **Pre-Petition Domestic Support Obligations assigned to or owed to a governmental unit**:

1) ✓ None.

2) Name of Governmental Creditor, address and amount due.

| Name of Governmental Creditor | Address | Amount Due |
|---|---|---|
| 1. | $ | |
| 2. | $ | |

D) **Priority Tax Claims**:

| Name of Creditor | Address | Amount Due |
|---|---|---|
| 1. SEE EXHIBIT A | | $ |
| 2. | | $ |

E) **Other Priority Claims:**

| Name of Creditor | Address | Amount Due |
|---|---|---|
| 1. | | $ |

7. **UNSECURED DEBTS TO BE PAID WITH INTEREST**

A) The following debts shall be paid in full with interest from petition date.

| Name of Creditor | Address | Amount Due | Interest Rate |
|---|---|---|---|
| 1. | | $ | % |
| 2. | | $ | % |

8. **OTHER UNSECURED DEBTS**
Allowed unsecured claims shall be paid from funds remaining, after payment of the debts described (whether or not paid in full with interest) in Sections 2 through 6 above. The amounts to be paid under this Section 8 are estimated to be 0 % percent of allowed claims. (Prorata Plan)

9. Trustee is to be provided, thru the commitment period of the Plan, with Debtor's future Federal Tax Returns, beginning with the 2010 tax year, by May 15th of the year following the year of the return. Trustee may request and

Debtor must supply current income and expense information, on required Trustee forms, for each of the years that the tax returns are provided.

10. The Debtor elects to have property of the estate revest in the Debtor upon Plan confirmation. Once the property revests, the Debtor may sell or refinance real or personal property, without further order of the Court, upon approval of the Chapter 13 Trustee.

11. Notwithstanding any contrary language elsewhere in the plan, debtor does not seek through the confirmation and consummation of this plan either a determination of the dischargeability of any debt or the discharge of any debt that is nondischargeable in a Chapter 13 case pursuant to section 1328 of the Bankruptcy Code.

12. The Debtor further proposes pursuant to 11 USC § 1322(b):

    The claims of the IRS and FTB that have an asterisk are listed in full in Schedule E. Pursuant to the Marital Settlement Agreement between the Debtor and her former spouse those claims are to be divided and paid 1/2 by each party. The plan only lists those taxes that the Debtor is responsible for paying.

Dated: 07/06/2010           /s/ Celia Maurice
                            (Debtor)                               (Debtor)

I/We _____ Moran Law Group, Inc. _____ am/are legal counsel for the above named Debtor and hereby certify that the foregoing Chapter 13 Plan is a verbatim replica of this N.D. Cal., San Francisco Division, Chapter 13 Plan, promulgated January 1, 2009, pursuant to B.L.R. 1007-1.

/s/ Renee C. Mendoza
Attorney for Debtor

# EXHIBIT A

## PRIORITY TAX CLAIMS

| Name of Creditor | Address | Amount Due |
|---|---|---|
| Franchise Tax Board, Special Procedures | P.O. Box 2952   Sacramento, CA. | 3062.70 |
| Franchise Tax Board, Special Procedures | P.O. Box 2952   Sacramento, CA | 2721.70* |
| Internal Revenue Service | 1301 Clay Street, Oakland, CA 94612-5210 | 19416.00 |
| Internal Revenue Service | 1301 Clay Street, Oakland, CA 94612-5210 | 5000.00* |